Moore vs. Kendall.

## MOORE v. KENDALL.

1. JURY—CHARGE OF JUDGE.—It is the duty of the jury to reconcile the discrepancies or contradictions in the testimony of witnesses, where they exist, if possible; and it is error to instruct the jury that they ought not to attempt it.

2. SALE ON SUNDAY.—Where the sale and delivery of property has been made on Sunday, though prohibited by law, neither the vendor nor vendee can rescind the sale and recover back the property or the purchase money on that account; and a third party, failing to show a claim to the property superior to that of the vendor anterior to such sale and delivery, is barred by a sale thus made from questioning the title of the vendee. The vendee, in such case, may claim the protection of the well settled principle of law, "*in pari delicto potior est conditio defendentis.*"

(*1 Chand. 33.*)

ERROR to the late District Court for *Grant* County.

This was an action of replevin, for the taking and detention of a quantity of goods and chattels. The goods, etc., were replevied by the coroner of Grant county, the sheriff of said county being the defendant in the suit, having levied upon the same by virtue of one or more executions.

The plaintiff claimed the property in the goods by virtue of a sale thereof to him, by James Moore, his brother. It became a material point on the trial whether the sale and transfer of the goods in question was made *bona fide ;* and also whether such sale and transfer was made prior to the levy made by the defendant or not, and whether the sale was made on Sunday. On the trial, James Moore and John Stone were witnesses on the part of the plaintiff, and gave testimony in relation to the sale of the goods, and as to the levy made thereon by the defendant. There was an obvious discrepancy in the testimony given by them, but which is unnecessary to be here stated, as the opinion of the court does not involve necessarily the real matter of such discrepancy. The jury, under the charge of the presiding judge, gave a verdict in favor of the defendant for the value of the property, and assessed his damages.

A motion was made for a new trial on behalf of the plaintiff, on the ground of the charge of the judge ; which motion was overruled ; and the plaintiff sued out his writ of error, bringing the cause into this court upon the exceptions taken.

The judge, on the trial, charged the jury, " that it would be reasonable and proper in the jury to reconcile slight discrepancies in the plaintiff's witnesses ; but if there were contradictions on material points, or facts equally within their knowledge, that is to say, James Moore and John Stone, the plaintiff's witnesses, it certainly was not the duty of the jury to attempt to reconcile such contradictions. It was the plaintiff's misfortune to have brought on the stand witnesses, contradicting each other thus, on material facts equally within

the knowledge of each ; and the weight of their testimony would be greatly weakened, if not almost entirely destroyed."

He also charged, " that if the sale, by James Moore to the plaintiff, of the goods in question, was made on Sunday, then said sale and transfer made on that day were absolutely void ; and the purchaser (the plaintiff) acquired no right or title to the property in dispute."

*Mills & Lakin*, for the plaintiff in error, argued that the charge of the judge, as respects the duty of the jury in considering the discrepancy in the testimony given by Moore and Stone, was erroneous, citing 2 Cowen's Treatise (3d ed.), 449. As to the duty of the jury in reconciling contradictory evidence, they cited 7 Wheat. 338; 4 Binney, 201; 12 S. & R. 283 ; Starkie on Ev. 480, 488. That though the sale was made on Sunday, and the contract of sale was fully executed and the property passed, yet the court would not interfere to restore the parties to their original condition; being *in pari delicto*, neither party could be released ; and to support this doctrine cited Story's Eq., § 295; 11 Mass. 369; 13 Eng. C. L. 341, 353.

*Ben C. Eastman*, for defendant in error, cited Starkie on Ev. 479, 481, 483 ; 7 Serg. & R. 301 ; 1 id. 173. That the contract of sale being void by law, being made on Sunday, no rights could be acquired under it. That no valid consideration having been given on the pretended sale, it was for that cause void ; and that the creditors of the plaintiff might levy upon and hold the property assumed to have been thussold.

HUBBELL, J. If this case were to be decided on the weight of evidence as shown by the bill of exceptions, the judgment of the district court might be affirmed. But this court does not sit in the capacity of a jury. The only error assigned related to the charge of the judge.

The action was brought to recover a quantity of merchandise, which had been levied upon by the defendant in error

as sheriff of Grant county, under executions in his hands, against the property of James Moore. The plaintiff in error claimed as a purchaser from James Moore. On the trial, James Moore and John Stone were called as witnesses by the plaintiff, to prove a sale and transfer of the property from James Moore to *Jonathan B. Moore*, the plaintiff in error. Both the fact and the time of the sale became material questions. There was some contradiction or discrepancy between the two witnesses, Stone and Moore, on these points. The sale, if made at all, appears to have been made either on the first day of November, 1847, which was Sunday, or between the first and seventh of November.

The executions were put into the sheriff's hands on the second, and an actual levy was effected on the tenth ; but an effort was made to effect a levy on the sixth, which was resisted, but which must be regarded as having fixed the sheriff's lien on the goods. The court instructed the jury as follows : 1st. "That it would be reasonable and proper in the jury to reconcile slight discrepancies in the testimony of the plaintiff's witnesses, but if there were contradictions on material points or facts, equally within their knowledge, that is to say, James Moore and John Stone, the plaintiff's witnesses, it certainly was not the duty of the jury to reconcile such contradictions ; it was the plaintiff's misfortune to have brought on the stand, witnesses contradicting each other thus, on material facts equally within the knowledge of each ; and the weight of their testimony would be materially weakened, if not almost entirely destroyed."

The errors assigned on the second branch of the charge were abandoned ; and the third was as follows : "That if the said sale, by the plaintiff to his brother, James Moore, was made on Sunday, then said sale and transfer, made on that day, was absolutely void, and the purchaser, *Jonathan B. Moore*, acquired no right or title to the property in dispute."

To these instructions exceptions were properly taken, and the question for this court is, whether such instructions were correct.

In regard to the matter of discrepancy, I think the court erred. There was clearly a question of fact for the jury (12 Serg. & R. 283 ; 5 Wend. 301) ; and the effect of the charge was to cut off inquiry on the subject. Whether the discrepancies were material or slight, could make no difference that I can understand ; and in either case, it should have been left to the jury to try and reconcile them. If, upon a full and fair attempt, they failed, still it would not follow as an inference of law that the testimony of the one was to neutralize that of the other. Conflicting witnesses are not necessarily to be regarded as opposing powers of equal momentum, which are to be measured by mechanical rules. The court should have told the jury that, failing to reconcile their statement, " on material points, equally within the knowledge of each " it became their duty to inquire whether each of the witnesses was equally credible ; whether the statements were equally consistent ; whether, from their character, appearance, and relations to the parties, or from any other circumstances connected with their testimony, more reliance ought to be placed upon the one than the other. Very possibly one of them was unworthy of credit ; at any rate, it has been urged on the argument by counsel for the defendant in error, that one of them was absolutely perjured—and if so, certainly his statements ought not to have been sufficient to defeat those of the other. Looking at the bill of exceptions, I am inclined to think the charge of perjury is not sustained ; but that most of the discrepancy arose, not from statements of fact, but from one of them having sworn to a conclusion of law. And in this view of the case I think their statements might have been reconciled. At all events, it could not happen until the jury should find, in view of all the circumstances I have mentioned, that the weight of evidence was

equally balanced, that the court could properly say to them as a matter of law, "that it was the plaintiff's misfortune to have brought to the stand witnesses contradicting each other," and that "the weight of their testimony was greatly weakened, if not almost entirely destroyed."

With respect to the other branch of the instructions, it seems to me the court below was equally in error. Admitting the sale of the goods to have been made on Sunday, it by no means follows that it was *void* for all purposes. There was an actual transfer of property from James Moore to his brother, the plaintiff in error; and it was not possible thereafter for James Moore or his assigns to recover it back. Between the parties, it was an executed contract; and, unless the defendant in error could show some claim superior to that of James Moore, the vendor, he could not disturb the possession of the vendee. On this point the authorities are conclusive.    11 Mass. 369; 13 Eng. Com. L. 351; 9 id. 193.

This case must not be confounded with others. The defendants in error do not claim against James Moore as an insolvent debtor, with respect to the transfer in question. They do not raise the question of a fraudulent sale. They stand upon the naked right arising from a void sale; a sale void, simply because it was made on Sunday. For the purposes of this question James Moore may be assumed to be a man of ample means and of honest purposes. The point before us is simply this: whether any man, under any circumstances, can make a valid transfer of property on Sunday. If he cannot, the instructions were right; if he can, they were wrong.

I think it would be carrying the rule of law further than the policy of the statue requires, and further than the current of decisions on this subject warrants, to deny that such a transfer, when actually completed, without fraud, should stand between the parties. After such a transfer, notwithstanding the supposed or real violation of the statute, the

vendee may claim the protection of that well-settled principle of law, "*In pari delicto potior est conditio defendentis.*"

It is not without regret that I am drawn to these conclusions with respect to the instructions of the learned and able judge of the court below. With my impressions of the merits of the case, as presented in the testimony, I could wish the jury had been left free to pass upon the main questions, which seem to me to be, whether there was an actual sale of the goods before the levy ; and if there was, whether such sale was fraudulent as to the creditors ? I do not mean by these remarks to prejudice the case ; but inasmuch as the jury may have been improperly controlled by the charge of the judge, there must be a new trial.

Judgment reversed, with costs.