343
63....116

CHARLES W. HILL, Plaintiff in Error,

*vs.*

DANIEL P. SHERWOOD, Defendant in Error.

ERROR TO THE COLUMBIA COUNTY COURT.

When a deposition is taken under the provision of the statute, the parties may and ought to make all their objections to the testimony of the witness, and have them noted by the officer. When this is done these objections become as available as though the witness were upon oral examination at the trial.

Objections taken to the testimony of a witness, at the taking of his deposition must be renewed when the deposition is offered in evidence, so that the court may exclude whatever is improper; but if the whole deposition is permitted to be read without question, the party will be deemed to have waived his objections noted at the taking.

A contract or agreement made on Sunday will not be enforced in a court of law.

The facts in this case and the points made by counsel, are fully stated in the opinion of the court.

*Hand & Ketchum*, for the plaintiff in error.

*De Witt & Delany*, for the defendant in error.

*By the Court*, SMITH, J. This was an action of assumpsit commenced in a justice's court of Columbia county, by Charles Hill, the present plaintiff in error, against Daniel P. Sherwood, the present defendant in error, where the plaintiff obtained judgment.

The declaration, in addition to the common counts for goods sold, money lent, paid, &c., contained a special count on a promise by the defendant to indemnify the plaintiff for becoming surety upon a promissory note, payable to one Tyler Colwell; with which declaration was filed a bill of particulars

of the plaintiff's demands. The plea was the general issue with notice of set off. The cause was removed to the County Court, where the cause came on for trial before the judge, a jury being waved, at the August term, 1852.

On the trial the plaintiff proved that a yoke of oxen and a yoke belonging to him had been levied upon and sold upon an execution issued upon a judgment rendered upon said note, and sold to satisfy the judgment. The transcript of the justice, by whom judgment was rendered on the note, and the execution, together with the return thereon, were offered and received in evidence. The plaintiff proved by Hiram Allen, that he was deputy sheriff during the year 1850; that he served an execution in favor of T. Colwell against Daniel P. Sherwood, William H. Field and C. W. Hill; that he levied the same upon a yoke of oxen belonging to the plaintiff in error, and sold them for $30.40, and returned the execution to the justice who issued it. The execution on its face describes a judgment for $14.50, and on its back was endorsed in the hand writing of the justice the words: "this execution, damages $14.50, costs $12.12. This execution sent to Hiram Allen, deputy sheriff." There was also endorsed a renewal by the justice, and the officer's return. The defendant's attorney then objected to the execution as evidence because it varied from the transcript in describing the judgment, and the court rejected it.

There were also introduced and read in evidence the depositions of T. Colwell, and of William H. Field. Colwell swore that Daniel P. Sherwood was principal in the note, and that Field and Hill were sureties; that the note was given for removing a family with

their goods, from Racine county to Columbia county, and that Sherwood agreed to save Hill harmless as such surety.

On the taking of the deposition of Field, several objections were made to the questions propounded, and the answers given, among which was a question and answer which established the fact that the note and the agreement of indemnity were all made on Sunday. After the plaintiff rested his case, the court on motion, non-suited the plaintiff.

This deposition was offered and read in evidence on the trial without any objection whatever. But afterwards the counsel for the defendant insisted upon the several objections which were made at the time of taking the deposition, and that certain parts of it should be excluded.

When a deposition is taken according to the statute, the parties may and ought to make all their objections to the testimony of the witness, and have the same noted by the officer. When this is done these objections become as available as though the witness were upon oral examination at the trial. But they must be renewed when the deposition is offered, so that the court may pass upon them, and exclude the testimony to which objection is well taken, and admit such portions as are proper evidence. But if the whole deposition is permitted to be read without question, the party will be deemed to have waived his objections noted at the taking, and the whole may be used, as if the witness had been permitted to testify to the same matter without objection on the trial.

The deposition of Field shows the whole transaction out of which this suit arose, to have occurred on Sunday. Both the note and the agreement of indem-

nity are alike invalid. 1 *Chand.* 33 ; 11 *Mass.* 378 ; 10 *Metcalf.* The defendant might have made this defence to the suit against him on the note. But failing to do so, judgment was rendered against him. This has no tendency to give efficacy to the agreement of indemnity, which was void in its inception.

As this ruling is fatal to the whole case of the plaintiff in error, it is unnecessary to notice the other questions raised. The judgment of the County Court must be affirmed.

Judgment affirmed with costs.