ÆTNA INSURANCE CO. *vs.* HARVEY.

ERROR TO CIRCUIT COURT, SHEBOYGAN COUNTY.

Heard January 17.]                    [Decided June 4, 1860.

*Insurance Companies—Contract—Penalty.*

An action cannot be maintained by a foreign insurance company, upon a contract made with the company, unless the company has complied with the provisions of the statute, by making the statement of its condition, as required, before entering into the contract.

A statute which imposes a penalty for doing an act, except as prescribed, amounts to a prohibition to do the act otherwise, and a contract for its performance is void.

On the trial of this action, in the circuit court, the judge found that "the note upon which this action is brought was given for the premium of a certain policy of insurance, issued by the plaintiff, by Cyrus P. Hiller, the agent of said company. in the county of Sheboygan, and state of Wisconsin, in the year A. D. 1855 ; and that the said plaintiff had not filed a statement of the affairs of said company in the office of the Secretary of State, at Madison, for said year, in compliance with law; that the said note is void. And it is further adjudged, that the plaintiff has no cause of action against the defendant, and that the defendant recover against the plaintiff, his costs of this action to be taxed."

Judgment was entered accordingly, and the plaintiff sued out this writ of error. The facts in the case will appear by reference to the opinion of the court. The statute alluded to by the court, is : "*An act to provide for the Incorporation of Insurance Companies*," which provides that it shall not be lawful for any company, organized under this act, to transact business, unless possessed of capital or securities, as hereinbefore mentioned; nor shall it be lawful for any agent or agents of insurance companies incorporated by other states, directly or indirectly, to take risks or transact any business of insurance in this state, without first having procured a statement, under oath, of the president and secretary of the company, showing the amount of capital of the company, the

manner, in detail, in which the same is invested, and shall also state whether its capital is unpaid or not, and if unpaid, how much, and file the same with the Secretary of State, who shall, if he is satisfied of the solvency of the company, grant his certificate of authority to such agent to take risks, and he shall in like manner procure a new statement, so long as he shall continue such agent, and cause the same to be filed with the Secretary of State, and procure the certificate of license during the month of January, in each and every year thereafter. No company, incorporated by other states, shall transact business in this state, unless it possess such an amount of actual capital as is required under the provisions of this act. This amount is fifty thousand dollars.

*Abbott, Gregory & Pinney*, for the plaintiff in error, upon the point that the company could transact business, &c., cited *People vs. Imlay*, 20 Barb., 68 ; *Beckford vs. Hood*, 7 T. R., 620 ; 1 Russel on Crimes, 49, 50 ; 2 id., 673, 617 ; *Regina vs. Nott*, 41 Eng. Com. Law, 161 ; *Rex vs. Wright*, 1 Burr., 543 ; *State vs. Fletcher*, 5 N. H., 257 ; 1 Bishop's Crim. Law, 84, 349 : *Commonwealth vs. Shattuck*, 4 Cush., 141, 146 ; *Columbus Insurance Co. vs. Walsh*, 18 M., 229 ; *Clark vs. Middleton*, 19 id., 53.

*Rockwell & Converse*, for the defendant in error, *contra*, cited the statute ; *New Hope Delaware Bridge Co. vs. The Poughkeepsie Silk Co.*, 25 Wend., 648 ; *Pennington & Kean vs. Townsend*, 7 Wend., 276 ; *Bank of U. S. vs. Owens et al.*, 2 Peters, 527 ; *People vs. Utica Ins. Co.*, 15 John., 358 ; *Thalimer vs. Brinkerhoff*, 20 John., 397 ; 2 John., 109 ; Angel & Ames on Corporations, 233 and 234 ; 13 Peters, 529 ; 4 How., 16 ; 2 Kern., 495 ; Story on Conflict of Laws, § 244 ; id. Prom. Notes, § 189 ; Smith on Contracts, 228, 229 ; *Wheeler vs. Russell*, 17 Mass., 259.

*By the Court*, PAINE, J. This action was brought by the plaintiff in error, upon a note given by the defendant in error, for a premium of insurance. The contract was made in this state, between the defendant and an agent of the plaintiff doing business at Sheboygan. It was set up in the answer that previous to issuing the policy there had been no compliance

on the part of the company or the agent with the provisions of sec. 7, chap. 72, of the R. S., 1858, which was first enacted in 1855. And by the facts agreed upon in the court below, it appears that there had not been such compliance, the statement filed by the agent not having been sworn to by the president of the company, as that section requires. The sole question therefore presented in the case, is as to the effect of such non-compliance upon the contract, and the note sued on. It was claimed for the plaintiff in error, that inasmuch as the statute does not say that any policy issued or note taken in violation of its provisions, should be void, that therefore they should not be so held. And that the only effect of the law would be to render the agent liable to prosecution for violating it, or to an action for damages. But we do not see how this position can be sustained, in view of the well established rule of law, that a contract made in violation of a statute is void, and that courts will never lend aid to its enforcement. In addition to the authorities cited by the defendant in error, the following may be referred to upon this point: *Brackett vs. Hoyt*, 9 Foster, N. H., 267; *Buxton vs. Hamblen*, 32 Maine, 448; *Bancroft vs. Dumas*, 21 Vt., 456; *Boutwell vs. Foster*, 24 id., 485; *Gibson vs. Service*, 5 Taunt., 433; 5 Barn. & Ald., 335, 2 Camp., 144–147.

And we did not undertand the counsel for the plaintiff in error as disputing this rule, but claiming rather that the intent of the statute was not to render the contracts, if made, invalid, but only to punish the agent. But it seems to us that its clear intent was to prohibit the transaction of business by foreign or domestic insurance companies until they had complied with its provisions. The authorities above cited abundantly establish that even where a penalty only is imposed for doing an act, that amounts to a prohibition, and a contract for its performance is void. And where the thing is positively prohibited, then all agree that the contract is void, and there

can be no question that the transaction of insurance business in this state by the agents of foreign companies, before a compliance with its provisions, is positively prohibited. It says expressly, that it shall not be lawful for them to do so. It says the companies shall not transact any business in this state without they possess the requisite amount of capital, &c. And the only evidence it provides for showing this, is the sworn statement of its officers, on filing which its agents are authorized to do business. And when we consider this prohibition, and the fact that a foreign incorporation could not act in this state, except by its agents, and that the agents are expressly prohibited, there seems no room to doubt that the intention of the statute was to entirely prohibit the transaction of any insurance business in this state, until the provisions of the act had been complied with; and this being so, the issuing of the policy and taking the note sued on was a violation of the law, and the company cannot sustain the action. It is not necessary that the law should expressly say that a contract in violation of it shall be void. It is sufficient for it to prohibit it, and its invalidity follows as a legal consequence.

We were referred to the cases of *Columbus Ins. Co. vs. Walsh*, 18 Mo., 229, and *Clark vs. Middleton*, 19 id., 53, in which the supreme court of that state held that the neglect of the agent of foreign insurance companies to take out a license as required by their law, did not invalidate contracts of insurance made by him. It will be observed on examining their statute, that it contains no express prohibition against the transaction of business without such license. It requires the agent to obtain a license and pay a tax, and imposes a penalty for failure to do so, or for transacting business without such licence. The court says the act imposes a penalty on the agent, but does not make the contract void. This statement can only be justified upon the supposition that they construed the act as not amounting to a prohibition upon the transac-

tion of business previous to a compliance with its provisions, for if prohibited, then the contract would be void. It is difficult to see how such a construction can be sustained in view of the numerous authorities, that imposing a penalty for doing an act, amounts to a prohibition. But if sustainable at all, it can only be upon that ground, and then it would not interfere with the construction we place upon our statute, for in that the prohibition is positive and clear.

The supreme court of Massachusetts has given the same effect which we give, to a similar statute in that state. *Williams vs. Cheeney et al.,* 3 Gray, 215; *Jones vs. Smith,* id., 500. And we consider their conclusion more in harmony with the well known principles of law upon this subject than that of the court of Missouri.

The judgment of the circuit court is affirmed, with costs.

