MADEGAN (LARRIVIERE v.). See Case No. 8,096.

MADEIRA, The. See Case No. 501.

MADISON (NELSON v.). See Case No. 10,-110.

## Case No. 8,937.

MADISON MUT. INS. CO. v. ECKER et al.

[3 Chi. Leg. News, 233; 13 Int. Rev. Rec. 135.]

Circuit Court, D. Minnesota. March, 1871.

INSURANCE COMPANY—STATE REGULATIONS—BOND OF AGENT—PREMIUMS—ACTION FOR.

1. Held, where the agent of a foreign insurance company had given a bond that he would faithfully account and pay over to the said company all moneys that should be paid to him belonging to said company, and in all things honestly discharge the duties of an agent of said company, that an action could not be sustained on said bond against the sureties to recover money collected by said agent for premiums, after the company had failed to comply with the state law by obtaining a renewal of their certificate.

2. After the company had failed to comply with the state law, a note given for premiums could not be enforced against the maker unless, perhaps, it was in the hands of a bona fide holder for value.

[This was an action by the Madison Mutual Insurance Company against George A. Ecker and others.]

NELSON, Circuit Justice. The plaintiff, a foreign insurance company, has sued to recover damages for a breach of the bond executed by the defendant, Ecker, at the time of his appointment as agent of the company in this state. The jury returned a special verdict.

The condition of the bond is, "that Ecker shall faithfully account to and pay to the said company all moneys that shall be paid to him, belonging to said company, and shall in all things honestly discharge the duties of an agent of the said company." There is no doubt about the breach of the condition of the bond, and the only defense relied upon by the sureties to defeat a recovery for the larger amount found by the jury is, that the receipt of money premiums and notes by Ecker, and the issuing of policies was in violation of title 6, c. 34, Rev. St. Minn. This statute in terms declares (section 114), "That it shall not be lawful for any agent of any insurance company, incorporated by any other state than the state of Minnesota, directly or indirectly, to take any risks, or transact any business of fire insurance in this state without such company has first obtained a certificate of authority from the state treasurer, and before obtaining such certificate, such fire insurance company shall furnish said treasurer with a statement," etc. Section 121 requires that this statement shall be renewed annually in the month of January of each year, and applies all the restrictions of the previous section upon the transaction of business by the company. Section 125 affixes imprisonment and fine as a penalty for a violation of the act.

The plaintiff had complied with the law previous to January, 1867, but had transacted business through this agent until June following, without obtaining any renewal of the certificate in accordance with the law. The sureties urge that they are not responsible for any delinquencies of Ecker while illegally transacting business. It is not doubted that any transaction of the business of fire insurance after January, 1867, was unlawful, and the participation of the agent in such business was a fraudulent act, but it is urged that there is nothing in the statute declaring that the contracts of insurance are void. The counsel for the plaintiff claims that the policies issued are valid and binding undertakings—the moneys received by the agent belonged to his principal, and a conversion of them to his own use or failure to pay them over, created a breach of the bond which would fix the liability of the parties thereto. Ecker could not excuse his failure by setting up the illegality of his acts in taking applications for insurance, procuring the policies, delivering them to the insured and receiving the premiums. Nor can his sureties avail themselves of this defense, inasmuch as the conversion by Ecker is in no manner connected with the illegal act of transacting the insurance business.

These propositions are urged with great force, but in our opinion are not applicable upon a fair construction of the act regulating foreign insurance companies. It will be observed that this statute required the company to do certain things as a condition precedent of transacting business in the state, and is not merely directory. This condition the state had a right to impose, and the plaintiff was bound to conform to the law in all its provisions. Not having done so, sound public policy would seem to require that the wrong doer should not, as against the sureties of the agent, recover. They undertook to answer for the acts of the agent within the legitimate scope of his authority, and their engagement was not intended to embrace any acts done by him contrary to law.

The contract of insurance being prohibited by the statute, it would be a legal conclusion that any note given for premiums could not be enforced against the maker unless, perhaps, it was in the hands of a bona fide holder for value. See 11 Wis. 394; 3 Gray, 215, 500. Clearly, therefore, in this case the plaintiff could not have been injured by a failure to turn over the premium notes, notwithstanding the rule adopted by the company holding the agent responsible for the face of all premium notes not delivered to them within a specified time. The case of Daniel v. Barney, 22 Ind. 207, in many particulars resembles this case, and the reasoning of the learned judge commends itself to our judgment.

The plaintiff will have a judgment for the amount received by Ecker previous to January, 1867.