Thornberry's ad'mr v. Dils.

---

CASE 45—ORDINARY—APRIL 18, 1882.

## Thornberry's adm'r v. Dils.

APPEAL FROM PIKE CIRCUIT COURT.

1. A mere promise before a discharge in bankruptcy has been obtained to pay a debt is not sufficient.
2. But if, before his discharge, the bankrupt promises his creditor that if he will pay certain taxes upon the bankrupt's property for a given year, amounting to $19.60, he will pay his creditor all of his indebtedness to him, the promise is upon a sufficient consideration, and the taxes being paid by the creditor, it will be enforced.
3. By such promise a new and complete contract is made, embracing every element to constitute a new undertaking.

W. M. CONNELLY AND THOS. R. BROWN FOR APPELLANT.

1. The debts sued upon might have been proven in the bankrupt proceeding. A promise to pay before the bankrupt is discharged is not enforceable.
2. The first cause of action asserted is barred by the bankrupt's discharge, and if any provision was made after his discharge, it is barred by limitation. (Bankrupt Act, March 2, 1867, Gen. Stat., 629; Thurmund v. Andrews, 10 Bush, 403; Carr v. Robinson, 8 *Ib.*, 274; Truesdale v. Anderson, 9 *Ib.*, 277; Ogden v. Redd, 13 *Ib.*, 581.)

No brief for appellee.

JUDGE HARGIS DELIVERED THE OPINION OF THE COURT.

The appellant's intestate, being indebted by note and account to the appellee, and in various ways to others, filed his petition in bankruptcy on the 16th day of March, 1868, and procured his discharge on the 8th day of June, 1871.

After the last named date the appellee brought his action, in which he set forth the execution of the note and creation of the account, together with some small items of indebtedness, alleging that the intestate had, after he filed his petition in bankruptcy, and before his discharge was granted, promised to pay to him all of said indebtedness on the condition that appellee would pay his taxes for 1868; and that he had paid the taxes for that year, amounting to $19.90.

The appellant controverted the allegations of the petition, and pleaded the statute of limitation and his discharge in bankruptcy. The evidence sustained the averments of the petition, and the court rendered judgment for the amount of appellee's claims, except one for $150.60, that need not be noticed, as he does not complain.

The appellant's counsel insist that the discharge furnished a complete bar to the original debts, and that the new promise, if made, was not enforceable for want of consideration sufficient to uphold it.

In the case of Ogden, &c., v. Redd, 13 Bush, 582, this court held that the mere promise, made before a discharge had been obtained, to pay a debt, did not extinguish the obligation created by the original contract, and there being no consideration, therefore, to sustain the new promise, it could not be enforced. But this case presents a consideration in addition to the new promise. Whether the addi-

Thornberry's adm'r v. Dils.

tional consideration, being only $19.90, is sufficient to give vitality to the new promise, which would otherwise be a naked promise, is the question.

Had the primary contracts been discharged by the bankruptcy, or surrendered in consideration of the new promise, the moral obligation to pay the debts would have supported the promise. But neither of these things was done; yet the moral obligation to pay remains, and it will have an existence so long as the debts are unsatisfied by payment or its equivalent, notwithstanding the remedy may be suspended or entirely gone. Hence, when the new promise was made, there existed a moral obligation on the part of appellant's intestate to pay, and by the agreement of the parties a valuable consideration was also added to it.

Thus a new and completed contract was made, which embraces every element necessary to constitute a legal undertaking, and the inadequacy of the valuable consideration cannot affect it.

It is not essential that the consideration should be adequate in point of actual value. It is sufficient, however slight the benefit, if there be no incompetency to contract, and the agreement violate no rule of law.

The parties should be allowed to judge of the benefits to be drawn from their agreements, and the free exercise of their judgment and facility in contracting are necessities to this end, and should not be interfered with.

Where relief is sought on the ground of fraud or mistake, inadequacy or inequality of consideration is a circumstance which should be considered. But there is no intimation here that the new promise was attended by any circumstances of oppression, or procured by fraud. In fact, it appears that the decedent approached the appellee first, and

asked him to agree to the terms of the new promise, which the latter declined at the beginning of the interview, but afterwards, being pressed to do so, assented to it, and paid the taxes according to the agreement, and it must be upheld.

Judgment affirmed.