Fulton and others, Respondents, vs. Day and another, Appellants.

*April 2 — April 28, 1885.*

*Promissory notes — Bankruptcy — Forbearance to oppose discharge.*

Notes given in pursuance of an agreement by the payee to forbear op-
position to the discharge of the maker as a bankrupt were void
under the bankrupt law (sec. 5131, R. S. of U. S.), although as a part
of the same agreement the payee loaned money to the maker; and
renewal notes given after the repeal of the bankrupt law are equally
void.

APPEAL from the County Court of *Milwaukee* County.

The complaint states four separate causes of action based upon promissory notes made by the defendants to the plaintiffs, and a fifth for merchandise sold and delivered. The facts stated in the answer as a defense to the action: upon the notes will sufficiently appear from the opinion. As to the fifth cause of action the answer alleged payment. The plaintiffs demurred generally to the answer to the first four causes of action; and from an order sustaining such demurrer the defendants appealed.

For the appellants there was a brief by *M. C. & A. A. Krause*, attorneys, and *D. H. Johnson*, of counsel, and oral argument by *Mr. Johnson*. They argued, among other things, that the agreement was void under sec. 5131, R. S. of U. S. *Rice v. Maxwell*, 21 Miss. 289; *Cockshott v. Bennett*, 2 Term, 763; *Payne v. Eden*, 3 Caines, 217; *Wiggin v. Bush*, 12 Johns. 306; *Austin v. Markham*, 44 Ga. 161; *Bell v. Leggett*, 7 N. Y. 176; *Dalrymple v. Hillenbrand*, 62 id. 5. The repeal of the statute does not validate the notes. *Gorsuth v. Butterfield*, 2 Wis. 237; *Austin v. Burgess*, 36 id. 187; *Morton v. Rutherford*, 18 id. 298. Nor can the fact that the notes sued on are renewal notes help the plaintiff. *Lee v. Peckham*, 17 Wis. 383.

For the respondents there was a brief by *W. J. McElroy*, attorney, and *C. C. Dey*, of counsel, and oral argument by *Mr. McElroy*. They contended, *inter alia:* 1. The bankrupt law, in its application to cases like this, contemplated only such acts and agreements as are detrimental to the rights and interests of third persons, oppressive upon the bankrupt, or an actual fraud upon the creditors. Such detriment, oppression, or fraud must be alleged and proved. *Kingston v. Wharton*, 2 Serg. & R. 208; *Chamberlin v. Griggs*, 3 Denio, 9; *Dalrymple v. Hillenbrand*, 62 N. Y. 8; *In re Ekings*, 6 Fed. Rep. 170; Gazzam on Bankruptcy, 107; *In re Murdock*, 3 Nat. Bankr. Reg. 146; *Fleming v. Hayne*,

1 Starkie, 370; *Sanford v. Huxford*, 32 Mich. 313.    2. The defendants cannot take advantage of their own wrong.    2 Parsons on Con. 782; *Harvey v. Varney*, 98 Mass. 118; *Clemens v. Clemens*, 28 Wis. 637; *Dyer v. Homer*, 22 Pick. 253; *Holman v. Johnson*, Cowp. 343.    3. Contracts void under sec. 5131, R. S. of U. S., are void as to creditors only, but binding on the parties.    *In re Ekings*, 6 Fed. Rep. 170; *Fargo v. Ladd*, 6 Wis. 106; *Reynolds v. Vilas*, 8 id. 471; *Hardy v. Stonebraker*, 31 id. 640; *O'Connor v. Parker*, 23 Mich. 22; *Nobles v. Scofield*, 44 Vt. 281.    4. Either the money loaned, or the moral obligation of the defendants to pay their debts, was a sufficient consideration to support the new promise contained in the renewal notes.    *Mather v. Lord Maidstone*, 18 C. B. 273; *Flight v. Reed*, 1 Hurlst. & C. 704; *Wennall v. Adney*, 3 Bos. & P. 249 and note.    An illegal contract may be purged of its fraud, and become valid and binding.    *Melchoir v. McCarty*, 31 Wis. 252; *Moore v. Kendall*, 2 Pin. 99; *De Wolf v. Johnson*, 10 Wheat. 367; *Barnes v. Headly*, 2 Taunt. 184; *Chadbourn v. Watts*, 10 Mass. 123.

COLE, C. J.    It seems to us there is no room for doubt, on the facts stated in the answer, but that the notes set forth in the first, second, third, and fourth causes of action are void.    It is alleged that the original notes were given pur-suant to an agreement by which the plaintiffs were induced to withdraw their opposition to the discharge of the defend-ants in bankruptcy and accept the composition.    This was a contract clearly condemned by the provisions of the bank-rupt law, and declared void by that statute.    Sec. 5131, R. S. of U. S., reads as follows:  " Any contract, covenant, or security made or given by a bankrupt or other person with, or in trust for, any creditor, for securing the payment of any money as a consideration for or with intent to induce the creditor to forbear opposing the application for discharge

of the bankrupt, shall be void." This language is too clear and explicit to admit of doubt as to its real meaning.

Now it appears that the plaintiffs were the creditors of the bankrupts to the amount of $11,041.71, and filed their claim for that amount; that the defendants, during the pendency of the bankrupt proceedings, proposed to the creditors a composition of twenty-five cents on the dollar of their claims; that the same was accepted by the creditors, and the resolution accepting the composition was duly recorded by the court. The terms of the composition were that after payment of the priorities declared in the bankrupt law each creditor should accept in satisfaction of his debt twenty-five per cent. thereof, payable in cash within ten days after the ratification of the composition. The composition was ratified by the defendants and the required majority of the creditors, including the plaintiffs.

After the defendants had been adjudicated bankrupts, and while the proceedings were pending, and prior to the acceptance and confirmation of the composition proposed, the plaintiffs, who had opposed the discharge as well as the acceptance and confirmation of the composition, entered' into the illegal agreement set out in the answer. The consideration to forbear their opposition to the discharge and to the confirmation of the composition was this contract. It is very obvious that this is a correct view, upon the facts stated. Consequently the plaintiffs, by the agreement, obtained a preference and advantage over the other creditors by the promise of being paid fifty per cent. of their debt. Such a contract comes within the express words of the bankrupt law, and is void. The doctrine is perfectly well settled "that all contracts which are repugnant to justice, or founded upon an immoral consideration, or which are against the policy of the common law, or contrary to the provisions of any statute, are void," and courts will not lend their aid to enforce them. *Melchoir v. McCarty*, 31 Wis. 252; *Ætna Ins.*

*Co. v. Harvey*, 11 Wis. 394; *Hill v. Sherwood*, 3 Wis. 343; *Wight v. Rindskopf*, 43 Wis. 344; *Barnard v. Backhaus*, 52 Wis. 593; *Everingham v. Meighan*, 55 Wis. 354; *Wiggin v. Bush*, 12 Johns. 306; *Bell v. Leggett*, 7 N. Y. 176; *Dalrymple v. Hillenbrand*, 62 N. Y. 5; *Rice v. Maxwell*, 13 Smedes & M. 289.

Here the law distinctly declares that any contract made by the bankrupt with a creditor for securing the payment of any money as a consideration for or with intent to induce the creditor to forbear opposing the application for a discharge of the bankrupt, *shall be void*. It was held in *Bell v. Leggett, supra*, that a note given by a third person, without the knowledge or intervention of the bankrupt, to induce a creditor to withdraw his objections to the bankrupt's discharge, was founded on an illegal consideration, and was void. The opinion by Judge JEWETT is an able and instructive discussion upon the subject. Where the consideration for the agreement is forbearance to oppose the composition, it stands upon the same ground, and is equally condemned as illegal. The cases upon this point are cited by Bump. Bankr. 675, 682, in the notes. There is certainly no valid reason why this should not be so, since it is admitted that a composition, *ipso facto*, amounts to a discharge under the law. The decision in *In re Ekings*, 6 Fed. Rep. 170, is not necessarily in conflict with the views expressed, because the question there was whether the bankrupt was entitled to his discharge under sec. 5110. There it was held that a promise by a bankrupt to pay his creditor "all he ever owed him, when he got able," upon condition that such creditor would assent to his discharge, constituted a pecuniary consideration or obligation sufficient to defeat his right to a discharge. But it seems to us a court could not enforce such a promise without completely nullifying the other section of the bankrupt law.

It is stated in the answer that a part of the consideration

for the fraudulent contract was the loan of $2,702 made by the plaintiffs to the defendants. This, it is said, was a sufficient consideration for the contract, and made it binding in law. But the difficulty with this position is that the statute itself declares the contract illegal and void. True, a loan was a part of the consideration for entering into the prohibited agreement; but suppose the loan had been one dollar, would that make the contract valid? Could parties by such a device evade the positive provisions of the law? We do not understand that the promise in *Thornberry's Adm'r v. Dills*, 80 Ky. 241, was made to *induce the creditor* to forbear opposing the application of the bankrupt for a discharge; consequently it was not a void and corrupt contract within the meaning of the statute.

The notes in question are renewal notes given after the repeal of the bankrupt law. But this fact does not validate them. Being void in their inception and execution, and so declared by the law then in force, a repeal of the statute does not render them valid. This question has been decided in *Gorsuth v. Butterfield*, 2 Wis. 237; *Morton v. Rutherford*, 18 Wis. 298; *Austin v. Burgess*, 36 Wis. 186, and requires no further discussion.

The demurrer to the answer should have been overruled.

*By the Court.*— The order of the county court is reversed, and the cause is remanded for further proceedings according to law.