## DIAMOND GLUE CO. v. UNITED STATES GLUE CO.

(Circuit Court, E. D. Wisconsin. May 8, 1900.)

1. FOREIGN CORPORATIONS—STATE REGULATION—VALIDITY OF CONTRACTS.

A statutory enactment within the power of a state, which prohibits the transaction of business therein by foreign corporations except upon compliance with certain conditions, invalidates any contract entered into in violation of the statute, so that the contract cannot be enforced by any court administering the law in such state; and, where the prohibition is plain, this rule governs equally with or without express terms in the statute declaring the invalidity.

2. SAME—EFFECT OF FAILURE TO COMPLY WITH STATUTE. .

A state statute prohibited any foreign corporation from transacting any business in the state without first complying with its requirements as to the filing a copy of its charter, etc., and further provided that any contract made by such a corporation affecting its personal liability or relating to property in the state before compliance should be wholly void on its behalf, but enforceable against it. After the enactment of such statute, but before it went into effect by its terms, a foreign corporation entered into an executory contract to be performed within the state. Held, that the statute, on taking effect, became applicable to anything done or to be done under the contract by such corporation thereafter, and constituted a defense to an action by the corporation for a breach of the contract by the other party by refusing to continue operations under it, such corporation having failed to comply with the requirements of the statute.

3. COMMERCE—RESTRICTION ON POWERS OF STATES—CONTRACT.

A contract to operate a factory and market the product on joint account is not one relating to interstate commerce in a constitutional sense, so as to exempt it from the operation of state laws, merely because the article manufactured is largely sold in other states.

At Law. On demurrer to matter set up in the answer of defendant as barring the action.

The plaintiff is an Illinois corporation, and the complaint alleges as a cause of action breach of a contract entered into between the parties which bears date June 25, 1898, providing, in substance, for the erection by the defendant, a Wisconsin corporation, of a glue factory, near Milwaukee, Wis., which was to be supervised and operated by the plaintiff for the defendant, through the officers and superintendent furnished by the former, for the term of five years from the completion of the plant; the plaintiff to have the handling and sale of the entire output, guarantying payment of such sales, and retaining a percentage on both sales and profits. In consideration of such arrangement the plaintiff, having numerous factories in various states engaged in manufacturing glue, with numerous branches and connections, and extensive experience in manufacture and trade, agreed to supervise the plans for the factory, and give to it the benefit of all its labor-saving devices, and of its knowledge and experience in the business, and should refrain from "manufacturing either hide or calf glue at any of its said factories" after the defendant's plant became operative. The complaint alleges the completion of the plant on or about July 25, 1899, with performance on the part of the plaintiff as agreed, and that it thereafter refrained from the manufacture of hide and calf glue, and closed down its factories theretofore engaged in such manufacture, and at great expense fitted one of them for the manufacture of other kinds of glue, and proceeded with the management of the business of the defendant's plant in accordance with said agreement up to December 2, 1899, when said defendant refused to permit further performance, to the damage of the plaintiff $200,000. The answer states various matters by way of defense, but demurrer is interposed to that portion only which sets up the invalidity of the contract by reason of noncompliance by the plaintiff with the provisions of section 1770b of the Revised Statutes of Wisconsin for the year 1898, which prohibits

any foreign corporation from transacting business or acquiring or disposing of property in the state until it shall have filed in the office of the secretary of state "a duly-authenticated copy of its charter, articles of association or incorporation," and "all amendments thereto which may be made while it shall continue to do business therein"; such filing to have the effect of constituting "the secretary of state its true and lawful attorney upon whom all summons, notices, pleadings or process in any action or proceeding against it may be served in respect to any liability arising out of any business, contract or transaction in this state," to "continue in force irrevocably so long as any liability" remains outstanding in the state. Penalties are prescribed for violations of the statute, and it is further provided that "any contract made by or on behalf" of such corporation "affecting the personal liability thereof, or relating to property within the state" before compliance, "shall be wholly void on its behalf," but enforceable against it. This provision is contained in the revision of 1898, enacted at a special session in August, 1897, approved August 20, 1897, and made to go into effect September 1, 1898. The answer avers that prior to September 1, 1898, the defendant "had transacted no business with others than its members, except partially planning and making certain contracts for the construction of its said factory, and acquiring a site therefor, and that practically all things which were done or attempted to be done by the said plaintiff" under the contract in question were done by it after that date.

Miller, Noyes, Miller & Wahl, for plaintiff.
Quarles, Spence & Quarles, for defendant.

SEAMAN, District Judge. As stated in Hooper v. State of California, 155 U. S. 648, 652, 15 Sup. Ct. 207, 209, 39 L. Ed. 297, 299, the principle is well established "that the right of a foreign corporation to engage in business within a state other than that of its creation depends solely upon the will of such other state," and the exceptions to the rule "embrace only cases where a corporation created by one state vests its right to enter another, and to engage in business therein, upon the federal nature of its business." A corporation is an artificial being, the mere creature of local law, and has no legal existence beyond the locality of its creation. Recognition of its existence in other states and enforcement of its contracts made therein rest upon comity, and not upon inherent right. Bank v. Earle, 13 Pet. 519, 588, 10 L. Ed. 274; Paul v. Virginia, 8 Wall. 168, 181, 19 L. Ed. 357. Dependent upon assent of the state, express or implied, it is clear that the assent may be granted upon such terms as the legislature may impose (Paul v. Virginia, supra), and that an enactment within the power of the state which prohibits the transaction of business therein by foreign corporations except upon compliance with certain conditions invalidates any contract entered into in violation of the statute, so that the contract cannot be enforced in any court administering the law in such state (Manufacturing Co. v. Ferguson, 113 U. S. 727, 733, 5 Sup. Ct. 739, 28 L. Ed. 1137, and cases cited). Where the prohibition is plain, this rule governs equally with or without express terms in the statute declaring the invalidity of the contract. Bank v. Owens, 2 Pet. 527, 539, 7 L. Ed. 508, and citations in 2 Notes on U. S. Reports, p. 870; Miller v. Ammon, 145 U. S. 421, 426, 12 Sup. Ct. 884, 36 L. Ed. 759; Insurance Co. v. Harvey, 11 Wis. 394, 396. Upon these premises the matter set up in the answer states a good defense, unless the statute referred to is inapplicable to the contract of which breach is alleged in the com-

plaint. This contract was entered into after the enactment of the statute, but before its inhibition became operative. It is manifest, therefore, that the contract was not void ab initio, as the statute is not retrospective in terms, and cannot be made retroactive by construction. The transaction of business by the plaintiff in Wisconsin was not made unlawful until the statute went into effect on September 1, 1898, and in the event of its qualification for a continuance of business by compliance with the statute no question could exist of its right to perform the contract, nor of the obligation of the defendant thereunder, so far as affected by this statute. But the contract as made was entirely executory, and its performance related to the management and control by the plaintiff of the proposed factory and its products after completion of the plant, and necessarily after the date then fixed for the statute to go into effect. The contention of the plaintiff is, in effect, that by the making of the contract before September 1, 1898, and entry upon performance with the preliminary advice and supervision of plans on its part, the statute became inapplicable to the transaction of business thereunder by the plaintiff during the term of the contract; in other words, that the doctrine of noninterference with contract obligations enabled the plaintiff to thus evade the impending prohibitory statute at will by means of its agreement previously entered into to that end. However the rule may be in reference to preserving rights, if any there be, which accrued through executed terms of the contract so made, it is clear that the statute cannot be thus set aside by the act of the parties, and that its provisions took effect on September 1, 1898, and incapacitated the plaintiff to transact business thereafter in the state, except on submission to the requirements of the statute; that performance became illegal without such compliance on the part of the plaintiff; and that refusal by the defendant to carry on the transactions in deliberate violation of the statute constituted no actionable breach of the contract. The complaint alleged as the first breach the refusal of the defendant to continue the arrangement on and after December 2, 1899. It rested with the plaintiff to fulfill the simple requirements of the statute, and become qualified for performance; and whether its failure in that regard, unless excusable, would constitute a breach on its part, need not be determined. It is sufficient that performance became illegal without fault or concurrence on the part of the defendant, and in such view the answer states a good defense. The further contention on behalf of the plaintiff that the statute, thus interpreted, is obnoxious to the interstate commerce provision of the constitution, is not deemed tenable. The fact that the products of the factory are largely sold and shipped to other localities does not make the contract in question a transaction of interstate commerce in the constitutional sense. The demurrer is overruled, without passing on the further question, argued on behalf of the defendant, as to the nature of the contract. So ordered.