158

BEAT, Trustee in bankruptcy, and another, Respondents, vs. MICKELSON, Appellant.

*December 6, 1935—January 7, 1936.*

160

For the appellant there were briefs by *Bull, Biart & Bieberstein,* attorneys, and *J. S. Timmons* of counsel, all of Madison, and oral argument by *Mr. Bieberstein.*

For the respondents there was a brief by *Austin F. Forkner,* attorney, and *John E. Ferris, Jr.,* of counsel, all of Madison, and oral argument by *Mr. Forkner.*

MARTIN, J.   The motion to dismiss the appeal herein as to the respondent, Robert E. Beat, trustee, is on the ground that he had been discharged as such trustee on the 31st day of January, 1935, and, therefore, that the notice of appeal directed to him as trustee was served on him in a personal capacity and not in compliance with sec. 274.11, Stats.   This contention is without merit.   The appeal was taken within the time allowed by statute.   Mr. Beat, as trustee, is a party plaintiff in the action.   He was personally served with a copy of the notice of appeal with the circuit court title of the ac-

tion thereon. Sec. 11d of the Bankruptcy Act of 1898 (11 USCA, § 29 (d)), provides:

"Suits shall not be brought by or against a trustee of a bankrupt estate subsequent to two years after the estate has been closed."

Sec. 269.14, Wis. Stats., provides: "In case of a transfer of interest or devolution of liability the action may be continued by or against the original party, or the court may direct the person to whom the interest is transferred or upon whom the liability is devolved to be substituted in the action or joined with the original party, as the case requires."

At the hearing on this motion, it appears that the said Robert E. Beat, on his own motion was reappointed as trustee of said bankrupt estate on December 5, 1935, by order of the federal court for the Western district of Wisconsin. The motion to dismiss the appeal as to said respondent must be denied.

It is further contended by both respondents that the appeal should be dismissed on the ground that the appellant had waived her right to appeal by entering into the stipulation which is quoted in the foregoing statement of facts. This brings us to a consideration of the legal effect of such stipulation. If the stipulation is illegal, as contended by counsel for the appellant, it has no effect on appellant's right to appeal from the judgment of the circuit court.

Sec. 29b of the Bankruptcy Act (11 USCA, § 52 (b)) provides:

"A person shall be punished by imprisonment for a period of not to exceed five years upon conviction of the offense of having knowingly and fraudulently . . . (4) received any material amount of property from a bankrupt after the filing of the petition with intent to defeat this title; or (5) received or attempted to obtain any money or property, remuneration, compensation, reward, advantage, or promise thereof from any person, for acting or forbearing to act in bankruptcy proceedings."

This court, in *Fulton v. Day,* 63 Wis. 112, 23 N. W. 99, had occasion to consider the legal effect of a similar agreement. In that case the action was brought by payees of promissory notes against the maker, given pursuant to an agreement by which said payees were induced to withdraw their opposition to the discharge of the maker, in bankruptcy. The court held that such agreement was illegal, and was clearly condemned and declared void by the Bankruptcy Act. The court said:

"The doctrine is perfectly well settled 'that all contracts which are repugnant to justice, or founded upon an immoral consideration, or which are against the policy of the common law, or contrary to the provisions of any statute, are void,' and courts will not lend their aid to enforce them. *Melchoir v. McCarty,* 31 Wis. 252; *Ætna Ins. Co. v. Harvey,* 11 Wis. 394; *Hill v. Sherwood,* 3 Wis. 343; *Wight v. Rindskopf,* 43 Wis. 344; *Barnard v. Backhaus,* 52 Wis. 593; *Everingham v. Meighan,* 55 Wis. 354; *Wiggin v. Bush,* 12 Johns. (N. Y.) 306; *Bell v. Leggett,* 7 N. Y. 176; *Dalrymple v. Hillenbrand,* 62 N. Y. 5; *Rice v. Maxwell,* 13 Smedes & M. (Miss.) 289."

While the provisions of the federal Bankruptcy Act, at the time this case was decided, specifically declared such agreements void, the Bankruptcy Act of 1898, relative to similar conduct, is penal in character. The general rule is that contracts entered into in violation of a penal statute are void. *Bissell L. Co. v. Northwestern C. & S. Co.* 189 Wis. 343, 346, 207 N. W. 697; *Pozorski v. Gold Range Comm. Corp.* 142 Wis. 595, 599, 126 N. W. 24; *Lowe v. Crocker,* 154 Wis. 497, 501, 143 N. W. 176; *Blasdel v. Fowle,* 120 Mass. 447.

We must hold that the stipulation to waive the appeal in the instant case, for the alleged mutual considerations therein mentioned, is contrary to the provisions of the Bankruptcy Act, is contrary to the common law, is against public policy, and, under former decisions of this court, is illegal and void. The appellant, therefore, has not waived her right to appeal

from the judgment entered in the circuit court. The case is now properly in this court on appeal and the respondents' motion to dismiss the appeal must be denied.

Having reached this conclusion, there is no occasion to consider other questions contained in the briefs of the respective counsel except that an extension of time will be granted to the respondents within which to file a supplemental case. If they desire to so file such supplemental case, it must be served upon appellant's counsel on or before the due date for the service of the appellant's brief.

*By the Court.*—The respective motions to dismiss the appeal herein are denied. The respondents are granted an extension of time within which to file a supplemental case in accord with this opinion.