ALBANY,
January, 1822.

TUXBURY
v.
MILLER.

---

## TUXBURY *against* MILLER.

IN ERROR to the Court of Common Pleas of *Tompkins* county. *Miller* brought an action of debt against *Tuxbury*, in the Court below, on a bond, to which there was a condition, that if *Angel Bart Hartsough* (who was then applying for a discharge under the insolvent act) should, after obtaining his discharge, execute and deliver to *M.*, his promissory note for one hundred dollars, payable in six months, with interest, then the obligation to be void, &c. *T.* pleaded, 1. *Non est factum ;* 2. That *H.* had not been discharged according to the condition of the bond ; 3. That while the application of the insolvent was pending, and after notice was given to the creditors to appear and oppose his discharge, the plaintiff, *T.*, pretended that he was employed by several creditors to oppose the discharge of *H. ;* and that, with a view to prevent that opposition, and in consideration that the plaintiff had promised not to appear and oppose the discharge of the defendant, he, the defendant, executed the bond, &c. Wherefore, the said bond, by such corrupt and unlawful agreement, was void in law, &c. The plaintiff replied, and took issue on the first plea, and specially, to the *second* plea, tendering issue, in which the defendant joined ; and he demurred to the *third* plea, and the defendant joined in demurrer. The Court below gave judgment for the plaintiff on the demurrer, and awarded a

A bond given to the plaintiff who said he appeared in behalf of creditors, to oppose an insolvent's discharge, to induce him to withhold opposition, is illegal and void.

In an action of debt on a bond, where there is an issue of fact, and a demurrer, and judgment is given for the plaintiff on the demurrer, before the issue is tried, the plaintiff ought to suggest his breaches, and have the damages on the demurrer assessed by the same jury who try the issue of fact; and not, after verdict, assign breaches, and issue a writ of inquiry of damages.

*venire* to try the issues, which were, in fact, tried at the same term, and a verdict for the plaintiff on both, but the jury assessed no damages, no breaches having then been assigned by the plaintiff. Breaches were, afterwards, assigned, and a writ of inquiry of damages awarded, and an inquisition returned, by which the damages were assessed at 111 dollars and 82 cents; and the Court, thereupon, gave judgment for the plaintiff, for the debt and damages.

On return to the writ of error, the cause was submitted to the Court, without argument.

*Per Curiam.* As to the mode of proceeding to assess the damages, it may, perhaps, be resolved into a matter of practice which this Court could not control. It is, however, the most fit and proper course, that the jury who are to try the issues in fact, should also assess the damages. But we are of opinion, that the judgment of the Court below on the demurrer was erroneous. The agreement in pursuance of which the bond was given, was, in judgment of law, a corrupt agreement. The bond was given as a reward to the plaintiff, for not opposing the discharge of the insolvent. The transaction implies that there was good ground for opposition, and that, if such opposition had not been withheld, the insolvent could not legally have obtained his discharge. Such bargains are against public policy, and the true intent of the act; for they tend to facilitate fraud, by screening it from scrutiny. (*Waite* v. *Harper*, 2 *Johns. Rep.* 386. *Bruce* v. *Lee*, 4 *Johns. Rep.* 410.) We are, therefore, of opinion, that the judgment of the Court below ought to be reversed.

Judgment reversed.