### George H. Phelps *vs.* Isaiah Thomas.

A verbal promise to pay a debt in full is a "pecuniary consideration," within the meaning of *St.* 1848, *c.* 304, § 9, which declares any certificate of discharge in insolvency to be void, if the assent thereto of any creditor is procured by any pecuniary consideration.

ACTION OF CONTRACT. Answer, a certificate of discharge in insolvency. At the trial in the court of common pleas, the plaintiff sought to avoid said certificate of discharge, on the ground that the defendant had procured the assent thereto of

several of his other creditors by verbal promises to pay theii debts in full. The defendant contended that a mere promise to pay the debt of a creditor at some future time was not a viola· tion of *St.* 1848, *c.* 304, § 9. But *Byington*, J. ruled otherwise; the jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*J. E. Field*, for the defendant.

*M. Wilcox*, for the plaintiff.

METCALF, J. The question is, whether the testimony at the trial brings the case within the provision in *St.* 1848, *c.* 304, § 9, that the discharge of an insolvent debtor "shall be null and void, if the debtor, or any person in his behalf, shall have procured the assent of any creditor thereto by any pecuniary considera- tion." It is suggested for the defendant, that the assent to his discharge, procured by his promise to pay some of his creditors' claims in full, was not procured by a "pecuniary" considera- tion. This, however, was not much relied on, and we can give no heed to it.

The other ground taken for the defendant is, that such promise was void for illegality, being made on an illegal consideration, and therefore there was no "consideration" for it, within the meaning of the statute. Doubtless the promise was void for illegality, by the principles of the common law. *Ramsdell* v. *Edgarton*, 8 Met. 227. *Tuxbury* v. *Miller*, 19 Johns. 311. *Sum- ner* v. *Brady*, 1 H. Bl. 647. And it was such illegal and fraudu- lent promises which the statute intended to prevent or to punish. There could not be a valid consideration for a contract, made by the defendant with any of his creditors, that he would pay their claims in full, as an operative inducement to their assent to his discharge.                    *Exceptions overruled.*