RICHARD H. MARBLE *vs.* JEREMIAH GRANT.

Somerset.    Opinion May 25, 1882.

*Bankruptcy.    Promissory notes.    Void contracts.    U. S. R. S., § 5131.*

A part of the consideration for a promissory note, and an inducement to give the note, was an agreement on the part of the payee that he would not oppose the maker's application for a discharge in bankruptcy then pending. *Held,*

1. A contract thus procured is void at common law as against sound public policy.

2. It was in violation of the terms as well as the policy of the bankrupt act.   U. S. R. S., § 5131.

3. It was not necessary for the maker to prove in an action against him upon such note, that before the note was thus procured the payee had proved his claim in bankruptcy.

ON REPORT.

Assumpsit on a promissory note for one hundred and seventy-five dollars, dated May 31, 1879, and payable in one year with interest.

At the trial the defendant offered to prove that at the time the note in suit was given and to induce the defendant to give the same, the plaintiff promised and agreed not to oppose defendant's application for a discharge in bankruptcy then pending, and that said promise was in part consideration for said note, but the court ruled *pro forma* that as there was no evidence that the plaintiff had ever proved his claim against the bankrupt, and thereby made himself a creditor of the defendant, who had a right to oppose his discharge, the evidence offered was immaterial and excluded it.

*Folsom and Merrill* for the plaintiff.

The evidence offered was inadmissible until the defendant had shown that the plaintiff was at the time a creditor who had a pecuniary interest in the discharge.   Thus if it should happen (if he had a claim) that upon proving it, it appeared to be a debt of a fiduciary character, or came within the classes enumerated in the statutes, then he would have no pecuniary interest in the discharge.   U. S. R. S., § 5117; Bump's Bank. 728, 272–4, 632, 716, 718; *Frost* v. *Tibbetts*, 30 Maine, 188;

*Morse* v. *Lowell*, 7 Met. 156 ; *Sackett* v. *Andros*, 5 Hill, 327 ; *Maples* v. *Burnside*, 1 Denio, 332 ; *In re Aspinwall*, 3 Penn. L. J. 212.

If it is not shown that there is a sufficient cause for a successful opposition then there is no fraud upon the act. *Chamberlain* v. *Griggs*, 3 Denio, 11 ; *Crates* v. *Blush*, 1 Cush. 572.

The mere stating of the claim by the bankrupt in his schedules is not even *prima facie* proof that the claim was due. One must prove his debt to be a creditor. *In re Burk*, 1 Deady, 429 ; *In re Sutherland*, 1 Deady, 573 ; 3 N. B. R. 300 ; 1 N. B. R. 133 ; Bump's Bank. 932, Form, 53.

*Walton and Walton*, for the defendant, cited : U. S. R. S., 5131 ; *Dexter* v. *Snow*, 12 Cush. 594 ; *Wiggin* v. *Bush*, 12 Johnson, 306 ; *Phelps* v. *Thomas*, 6 Gray, 328 ; *Blasdel* v. *Towle*, 120 Mass. 447 ; Bump's Bank. (9th ed.), 272–4 ; *In re Shepherd*, 1 B. R. 439 ; *In re Smith and Bickford*, 8 Blatch. 461 ; *In re Murdock*, 3 B. R. 146 ; S. C. 1 Lowell, 362 ; *In re Boutelle*, 2 B. R. 129.

LIBBEY, J. The note in suit was given in compromise and settlement of a note held by the plaintiff against the firm of Grant, Locke and Company, of which firm the defendant was a partner ; and at the time it was given, said firm and each of the partners individually, were in bankruptcy, and the defendant received his discharge June 2, 1879.

The note for which the note in suit was given was embraced in the schedule of the debts of the firm as due the plaintiff ; but there was no evidence that he had proved it in bankruptcy.

The defendant offered to prove "that at the time the note in suit was given, and to induce the defendant to give the same, the plaintiff promised and agreed not to oppose the defendant's application for a discharge in bankruptcy then pending, and that said promise was a part of the consideration of said note ;" but the presiding judge ruled *pro forma*, that the facts if proved would constitute no defence to the action.

By the terms of the report, if this ruling is correct, judgment is to be rendered for the plaintiff ; otherwise the action is to stand for trial.

We think this ruling is erroneous. A contract thus procured is void at common law, as well as by the bankrupt act.

It is void at common law as against sound public policy. *Wiggin* v. *Bush*, 12 Johns. 306 ; *Tuxbury* v. *Miller*, 19 Johns. 311 ; *Bell* v. *Leggett*, 7 N. Y. 176 ; *Dexter* v. *Snow*, 12 Cush. 594 ; *Phelps* v. *Thomas*, 6 Gray, 327 ; *Blaisdell* v. *Fowle*, 120 Mass. 447.

It is in violation of the terms as well as the policy of the bankrupt act. R. S., U. S. c. 8, § 5131 reads as follows : " Any contract, covenant, or security made or given by a bankrupt or other person with, or in trust for, any creditor, as a consideration for, or with intent to induce the creditor to forbear opposing the application for discharge of the bankrupt, shall be void." We think the defendant's offer of proof brings the case within the provisions of this section.

But it is claimed that, inasmuch as it does not appear that the plaintiff proved his note in bankruptcy, he could not object to the defendant's discharge, and, therefore, it cannot be said that the new note was given with intent to induce the plaintiff to forbear opposing his discharge. The plaintiff was a creditor in fact, and if he had not proved his debt in bankruptcy at the time, it does not appear that he might not have done so at any time, so as to be entitled to his share of the bankrupt's estate ; but without doing so, he could have proved to the court his pecuniary interest in the defendant's application for a discharge, and would then have had the right to oppose it, as if the defendant obtained his discharge, the plaintiff's debt would be barred. Bump on Bankruptcy, 9th ed. 272, and cases cited.

If a creditor, by withholding proof of his debt in bankruptcy, should be permitted to make and enforce such a contract as this case discloses, the mischief and corruption, which the statute seeks to prevent, would be accomplished with impunity, and the provisions and policy of the statute evaded.

*Action to stand for trial.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and PETERS, JJ., concurred.