HENRY W. F. BRUNKE, by next friend, Respondent, v. MISSOURI & KANSAS TELEPHONE COMPANY, Appellant.

Kansas City Court of Appeals, December 4, 1905.

1. **NEGLIGENCE: Pleading: Custom.** Negligence is doing an act which a prudent man would not do, or neglecting to do an act which a prudent man would not neglect to do, and custom cannot determine whether a given act is negligent or prudent.

2. ——: ——: ——: **Evidence.** But evidence of a custom in doing a certain thing has probative force bearing upon negligence, since custom arises from its adoption by many prudent men, and the law recognizes the value of arriving at the nature or tendency of a given act by considering its effect upon the conduct of others as shown by general custom.

3. ——: ——: ——: ——. As custom is not substantive but evidential in its character it need not be pleaded.

Appeal from Buchanan Circuit Court.— *Hon. Chesley A. Mosman,* Judge.

AFFIRMED.

*Harkless, Crysler & Histed* and *Brown & Dolman* for appellant.

It is a well-settled principle that the plaintiff cannot be permitted to introduce evidence for the purpose of establishing negligence which is not pleaded or set up in its petition. Conway v. Railroad, 24 Mo. App. 235; Breeden v. Mining Co., 103 Mo. App. 176; Hicks v. Railroad, 68 Mo. 329; Haines v. Pearson, 100 Mo. App. 551; Brooks v. Blackwell, 76 Mo. 309.

*James W. Mytton* and *Charles C. Crow* for respondent.

(1) Respondent did not attempt to recover by reason of a departure from or failure of appellant to observe the usual and customary manner of doing the work but upon the sole ground that the manner of carrying on and performing the work was dangerous and negligent. The above is consistent with the ruling of the courts in every case cited by appellant. White v. Railroad, 84 Mo. App. 411, cases cited. (2) Any evidence that tends to prove the facts stated in the petition to be negligent is admissible. White case, supra. By a casual reading of each of the cases cited by appellant, it will be noticed that they are as nearly in point as Shelly's case or the Dred Scott decision would be.

JOHNSON, J.—Plaintiff recovered judgment in the sum of fifteen hundred dollars on account of personal injuries sustained as the result of the negligence of defendant.

The pertinent facts shown by the evidence are as follows: In the afternoon of April 29, 1904, plaintiff, a boy then about eleven years of age residing with his parents in the city of St. Joseph, while on his way home from school had his attention attracted by some repairs which linemen, employed by defendant, were engaged in making near the intersection of Twenty-sixth and Olive streets, upon telephone wires strung overhead and car-

ried on poles. The place was in a populous part of the city and the telephone line was in the street. Plaintiff asked and obtained permission from one of the workmen to take a piece of wire lying near the base of the pole that was the center of activity at that time. As he started to pick it up the workman attempted to throw a cleaver, a heavy edged tool, to a lineman who was near the top of the pole making the repairs. The lineman failed to catch the implement and it fell, striking plaintiff upon the head and inflicting severe injuries.

Defendant, appellant here, assigns but one error. Plaintiff, over defendant's objections, was permitted to show by the testimony of linemen who were examined as witnesses that the usual method employed by such craftsmen in passing a tool from the ground to the top of a pole was by attaching it to a line and having it pulled up by the man at the top. Defendant says that as no such usage was pleaded in the petition it was harmful error to admit the evidence. The negligence charged in the petition is, "the servants at work on the ground threw or pitched a cleaver towards the man engaged at work at the top of said telephone pole, and that the servant engaged at work on the top of said pole failed to catch said cleaver, . . . the servants and agents of defendant knew that there were large numbers of children passing along and on said Twenty-sixth and Olive streets at the time said cleaver was thrown, and knew, or by the exercise of ordinary care would have known, that said cleaver was liable to injure a pedestrian on said streets." The negligence averred is involved in the act of throwing into the air, upon a frequented thoroughfare in a city, a dangerous instrument, which, if not caught, menaced the safety of a person rightfully upon the street.

Two questions are suggested by the objection: first, does evidence of usage possess any probative value in cases of this character; and, second, if it does, must the custom be pleaded to justify its admission? The stand-

ard by which a given act is to be classified as careful or negligent is fixed by an inflexible rule of the substantive law, and not by usage or custom. Negligence, in actions for personal injury, means the doing of some act which a cautious and prudent man would not do, or the neglecting to do some act which a cautious and prudent man would not neglect. Prudent men often depart from common usage in the performance of duty without overstepping the boundaries of reasonable care. If they did not, there would be little, if any, progress made in any craft. The law does not call a man careless because he refuses to place himself in bondage to custom. The advancement of art, science, trade or handicraft requires that human effort be given a wider field of operation than that already occupied. Therefore, a given act is denominated as negligent, not that it is violative of custom, but because it is a thing no prudent man would do.

But it does not follow from this that custom has no probative value. It cannot be received to change the rule of negligence established by the substantive law, but it is evidential, for it bears directly upon the conduct of prudent men, a necessary issue in every negligence case. A method of doing a thing becomes a custom through its adoption by many prudent men, who, in selecting it as a rule of conduct, have necessarily found it to be a reasonably safe method. Their uniform conclusion, as exhibited by their actions, is not only persuasive evidence that their method is reasonably careful, but also that one not recognized by usage and less safe is not reasonably careful. That is to say, the law recognizes the value in arriving at the nature or tendency of a given act, of considering its effect upon the conduct of others as shown by general custom. [White v. Railroad, 84 Mo. App. 411; Hunt v. Lead Co., 104 Mo. App. 377; Kane v. Falk Co., 93 Mo. App. 209; O'Mellia v. Railroad, 115 Mo. 205; Henry v. Railroad, 66 Ia. 52; Maynard v. Buck, 100 Mass. 40; Wigmore on Evidence, sec. 461; Reed v. Railroad, 94 Mo. App. 371.]

What has been said also disposes of the second question. As custom is not substantive, but evidential in character, it is not required that it should be pleaded. The rules of pleading call for the statement of constitutive facts and not of evidence by which those facts are to be established.

The judgment is affirmed. All concur.