E. DELAFIELD SMITH, Appellant, v. H. LANGMAACK and Klara Langmaack. KLARA LANGMAACK, Respondent.

(232 N. W. 600.)

Opinion filed October 14, 1930.

C. W. Burnham, for appellant.

*Hoopes & Stevens,* for respondent.

BURR, J. This case involves the validity of a joint and several promissory note made and executed by the defendants, who are husband and wife, to the plaintiff. Defendant H. Langmaack defaulted and respondent Klara Langmaack alleged in her answer, in substance, that prior to the execution of the note the defendant H. Langmaack had been adjudged a bankrupt, and while said bankruptcy proceedings

were pending the plaintiff secured from the defendants this note upon the agreement that if the note were given, plaintiff, who was one of the creditors, would not appear in the bankruptcy proceedings nor attempt to hinder and delay the discharge in bankruptcy. There are other defenses such as general denial, etc.; but this states the main issue.

The case was tried to the court without a jury. Judgment was rendered in favor of the plaintiff against the defendant, H. Langmaack, and in favor of the defendant, Klara Langmaack, for the dismissal of the action. From the judgment dismissing the action against Klara Langmaack the plaintiff appeals.

Prior to March 4, 1927, the plaintiff was the owner of two judgments against the defendant H. Langmaack. On the 4th day of March, 1927 this defendant Langmaack was adjudged a bankrupt and these judgments were listed as part of his indebtedness. A meeting of creditors was held on March 20, 1927 and the plaintiff appeared in opposition to the proceedings. He says he told the bankrupt he was "going after him" because he thought the schedules were not correct. It is his contention the bankrupt had transferred some of his personal property to the wife, by bill of sale, and was not listing this property among the assets. Later, the bankrupt and the plaintiff had a conversation whereby the plaintiff agreed to take a note for his judgments, if the note were signed by the two defendants. The defendant Langmaack says: that the plaintiff appeared in the bankruptcy proceedings and retained counsel to contest the same; that he said he would have a trustee appointed, and later stated to the bankrupt that if he would give him a note signed by the two defendants "I will let you go through with your bankruptcy, and do not want to interfere any more;" and further, that he would give him a written agreement not to purchase or attempt to enforce any other claims against the bankrupt. On this agreement the note was given, signed by both defendants. It is the claim of the respondent that she had no conversation with the plaintiff; but she testifies that her husband and his attorney came to her and advised her to sign this note because of the agreement made between the husband and the plaintiff and that if she would sign this note the plaintiff would not bother them any more.

There is some dispute between the plaintiff and the bankrupt as to

the conversation which took place between them; but the fact remains that plaintiff appeared at the bankruptcy proceedings to contest the same on the ground of a fraudulent transfer of property by the bankrupt to his wife; that after this conversation and the giving of the note signed by the defendants the plaintiff took no further interest in the bankruptcy proceedings, and made no further objection to a discharge. The plaintiff admits giving a written agreement "to purchase or acquire no other judgment or accounts or debts of said Langmaack, or accept same for collection." He further admits that after he received this note he made no further objection to the bankruptcy proceedings. The bankrupt was discharged in bankruptcy and the claim of a fraudulent transfer of his property to his wife was no longer pressed. It must be clear therefore that in the transaction which culminated in the giving of the note there must have been some agreement or understanding between the parties thereto in regard to .the bankruptcy proceedings. The trial court, by its judgment in favor of the respondent, found the version as given by the defendants to be correct, and the facts as found by the trial court are borne out by the record.

It is the contention of the respondent that this note was given in violation of § 29 (b) (5) of the national bankruptcy act as amended by the Act of May 27, 1926, U. S. C. title 11, § 52 (b) (5). This section says:

"A person shall be punished by imprisonment for a period of not to exceed five years upon conviction of the offense of having knowingly and fraudulently

"1. . . .

"2. . . .

"3. . . .

"4. . . .

"5. Received or attempted to obtain any money or property, remuneration, compensation, reward, advantage, or promise thereof from any person, for acting or forbearing to act in bankruptcy proceedings."

It is the contention of the appellant that, whatever may have been the agreement with the bankrupt, the defendant "Klara Langmaack was in no sense a party to the bankruptcy proceedings, and any reference or consideration given the signing of said note by her as in vio-

lation of the national bankruptcy law is unwarranted, and in no sense constitutes a defense to the validity of said note." He also says that the note given for judgments discharged in bankruptcy is a good and sufficient consideration and that this agreement not to purchase claims or take any for collection was a sufficient independent consideration.

It is true Klara Langmaack was not a petitioner in bankruptcy; but this is immaterial in this case. If this note were obtained because of a promise made to forbear to act further in bankruptcy proceedings then it was received in violation of law, and the quotation from the national bankruptcy law shows that it is an offense to receive or even to attempt to obtain any property whatever from any person "for acting or forbearing to act" in bankruptcy proceedings. The note was obtained from the defendants upon a promise to forbear in bankruptcy proceedings. It is true there was no conversation between the plaintiff and the wife, but the plaintiff insisted that the wife should sign the note and agreed that if given he would do nothing further in the bankruptcy proceedings.

The old national bankruptcy law in force in the seventies contained this provision:

"Any contract, covenant, or security made or given by a bankrupt or other person with—any creditor, for securing the payment of any money as the consideration for or with intent to induce the creditor to forbear opposing the application for discharge of the bankrupt shall be void."

Under such a statute it was held in Fulton v. Day, 63 Wis. 112, 23 N. W. 99, and in Marble v. Grant, 73 Me. 423, that a note where part of the consideration was "an agreement on the part of the payee that he would not oppose the maker's application for a discharge in bankruptcy then pending" was void. In the Wisconsin case it was held that even renewal notes given after the repeal of the bankruptcy law could not be enforced. It is true the section of the present bankruptcy law under consideration—Section 29 (b) (5) as amended—does not, in express terms, say that such a contract is void; but it makes it a penal offense to enter into such a contract. In Wiggin v. Bush, 12 Johns. 306, 7 Am. Dec. 324, it is held that "a note given by an insolvent debtor to a creditor, in consideration that the latter should withdraw his opposition to the debtor's obtaining his discharge, is

void." This is based, not upon a special statutory provision making it void, but upon the general principle that the policy of the law and the spirit of the statute forbids such transactions. Such a transaction is a fraud, and the note was obtained "knowingly and fraudulently" by methods forbidden.

The note therefore was obtained in violation of law. This being so we are not concerned with the fact that a note given for a debt discharged in bankruptcy is given for a consideration and that the consideration to the husband is sufficient consideration for the wife's signature. What taints the transaction is the illegal purpose for which the note was given, the promises given, and the intent to do a wrongful act.

The note being obtained illegally, it cannot be enforced between the parties and therefore the judgment of the court is affirmed.

BURKE, Ch. J., and NUESSLE, BIRDZELL and CHRISTIANSON, JJ., concur.