Maude Crandall v. W. H. Durham, Appellant.—152 S. W. (2d) 1044.

Division Two, June 10, 1941.
Rehearing Denied, July 25, 1941.

*Don C. Carter* for appellant.

*Jerry M. Jeffries* for respondent.

BOHLING, C.—W. H. Durham, defendant *nisi*, appeals from a judgment for $317.03, with interest, in favor of Maude Crandall in an action involving an oral promise made by defendant after the effective date of his discharge in bankruptcy to pay his certain note payable to plaintiff. The Kansas City Court of Appeals certified the case here [Mo. Const. Art. VI, Amend. 1884, Sec. 6] on the ground its affirmance of the judgment [141 S. W. (2d) 148] conflicted with the decision of the Springfield Court of Appeals in Chitwood v. Jones, 56 S. W. (2d) 147. Defendant pleaded *res judicata*. Our conclusion, based on other reasons, differs from that of the Court of Appeals.

Maude Crandall is the payee and owner of a $200, 8%, one year, negotiable note, dated September 28, 1931, signed by W. H. Durham and Mrs. W. H. Durham, and bearing total credits of $6. Defendant was adjudged a bankrupt on January 28, 1937, and on May 26, 1937, received his discharge in bankruptcy. Under the record made, said discharge was effective to release defendant from said debt were it not for defendant's oral promise to plaintiff to pay said note.

Plaintiff, on December 17, 1937, instituted an ordinary action on the note in the justice of the peace court against said makers. Defendant's separate answer pleaded his final discharge in bankruptcy in defense. Upon trial, judgment in the justice court went against said makers. Defendant appealed. Upon trial in the circuit court, the court sustained defendant W. H. Durham's demurrer to the evidence and judgment was entered (September 1, 1938) in favor of plaintiff against Mrs. W. H. Durham and against plaintiff in favor of W. H. Durham. Plaintiff did not appeal and the judgment became final.

On November 8, 1938, plaintiff instituted the instant action against defendant. Her petition contained allegations setting up defendant's indebtedness on the note, his adjudication as a bankrupt

and his final discharge in bankruptcy as aforesaid; and also alleged that between the date of the adjudication of defendant's bankruptcy and the first meeting of the creditors in bankruptcy defendant agreed, in consideration of plaintiff agreeing to not appear at said creditors' meeting and to not present her claim in bankruptcy and to not oppose defendant's discharge in bankruptcy, to pay said note; that plaintiff performed her part of said agreement; and prayed judgment on said note. Upon trial, plaintiff had judgment and defendant perfected this appeal.

At the time of defendant's bankruptcy proceedings, the bankruptcy law provided that: "A person shall be punished by imprisonment for a period of not to exceed five years upon conviction of the offense of having knowingly and fraudulently . . . received or attempted to obtain any money or property, remuneration, compensation, reward, advantage, or promise thereof from any person, for acting or forbearing to act in bankruptcy proceedings. . . ." [44 Stat. at L., p. 665, sec. 29(b) (5), 11 U. S. C. A., p. 474, sec. 52; 9 Remington on Bankruptcy, p. 917.] Plaintiff's pleaded agreement to forbear opposing defendant's discharge in bankruptcy was contrary to the declared public policy, a fraud upon the act and unenforceable. [Consult, among others, Smith v. Langmaack, 60 N. D. 66, 232 N. W. 600; Meyer v. Price, 250 N. Y. 370, 165 N. E. 814, 817 et seq.]

Defendant's discharge in bankruptcy released him from the obligation of plaintiff's debt, not in the sense that the debt was paid or extinguished but in that it afforded him a complete legal defense to plaintiff's action if he availed himself of it, unless he thereafter waived said release by, for instance, promising to pay the debt, the debt, not being extinguished or cancelled, having sufficient life to furnish the consideration for the new promise. [6 Am. Jur., p. 802, sec. 484, p. 830, sec. 530; 8 C. J. S., p. 1490, sec. 559, p. 1570, sec. 583; 7 C. J., p. 395, sec. 704, p. 412, sec. 732; 7 Remington on Bankruptcy (5 Ed.), secs. 3499, 3500, 3502; Collier on Bankruptcy (4 Ed.), secs. 534, 574; Black on Bankruptcy (4 Ed.), secs. 1176, 1235.]

Much has been written on whether the creditor should declare on the new promise or the original obligation. Judgment may go against the debtor in an action on the original debt if he does not avail himself of the defense. However, a right is legally created by the new promise, especially if supported by an independent consideration; but if there be merely a new promise unsupported by any new consideration, resort to the original debt is necessary for the consideration. "The new promise need not be pleaded nor proved in the first instance. To do so would be to anticipate a defense. The bar of the discharge is merely matter of defense to be pleaded. If pleaded, then the new promise is in turn to be pleaded, by way of

avoidance." [7 Remington on Bankruptcy, p. 765, sec. 3512. See also 8 C. J. S., p. 1582(b).] 1 Williston on Contracts (1936 Ed.), sec. 196, discusses the issue and states "It has been continuously recognized, however, that this method of pleading is anomalous and that the real basis of the right is the new promise." [6 Am. Jur., p. 834, sec. 535.] There are cases to the effect the creditor may elect what method to pursue. [7 C. J., p. 413, nn. 38, 39; Black, Ibid., sec. 1244.] In Donnell v. England, 345 Mo. 726, 729, 137 S. W. (2d) 471, 472, and Fleming v. Lullman, 11 Mo. App. 104, 106, it appears that the plaintiffs sought to avoid the defense of the defendant's discharge in bankruptcy by showing a new promise. [See Chitwood v. Jones (Mo. App.), 56 S. W. (2d) 147, 148[3].] If plaintiff declares on the promise after bankruptcy, the discharge in bankruptcy scarcely remains a controverted issue, the issue being: new promise or no new promise. In 1827, BEST, C. J., in Upton v. Else, 12 Moore, 303, said: "Probably the new promise ought in strictness to be declared on specially; but the practice is inveterate the other way, and we cannot get over it." Note the pleadings in Zavelo v. Reeves, 227 U. S. 625, 33 Sup. Ct. 365, 57 L. Ed. 676, Ann. Cas. 1914D, 664. [See also Wolffe v. Eberlein, 74 Ala. 99, 49 Am. Rep. 809; and Annotation in 135 Am. St. Rep. 1. c. 388. Consult Boyd, ▮ Carr's Admr. v. Hurbut, 41 Mo. 264, 269.] Without ruling this issue but with the foregoing in mind, we proceed:

▮ Plaintiff first sued in the justice court where technical rules of pleading are not rigidly observed. From plaintiff's petition, defendant's plea of his discharge in defense and the judgment against defendant in the justice court, we think it apparent that the same issues attempted to be presented in the instant action were there litigated. This is confirmed by the justice's record, which recites (see Garnett v. Stacy, 17 Mo. 601) that the court refused to sustain defendant's defense because of his promise to pay plaintiff notwithstanding his bankruptcy. While cases appealed from the justice courts are to be tried de novo in the circuit court (Sec. 2738, R. S. 1939, Mo. Stat. Ann., p. 2453, sec. 2352), Sec. 2744, R. S. 1939, Mo. Stat. Ann., p. 2465, sec. 2358, provides: "The same cause of action, and no other, that was tried before the justice, shall be tried before the appellate court upon the appeal . . ." Speaking to appeals from justice courts, Sec. 2746, R. S. 1939, Mo. Stat. Ann., p. 2467, sec. 2360, in so far as material, provides: "In all cases of appeal, . . . the statement of the plaintiff's cause of action . . . filed before the justice, may be amended upon appeal in the appellate court to supply any deficiency or omission therein, when by such amendment substantial justice will be promoted; but no new item or cause of action not embraced or intended to be included in the original account or statement shall be added by such amendment." Defendant's answer in the justice court tendered the defense of his

discharge in bankruptcy. Plaintiff, upon the instant trial, testified she instituted the first suit because of defendant's promise to pay. She intended to avoid the effectiveness of said discharge. That issue was determined by the justice. If defendant had not appealed, said judgment would have become final. In Dowdy v. Wamble, 110 Mo. 281, 284, 19 S. W. 489, 490, speaking to now Sec. 2746, supra, we said: "We venture to say it would be difficult to suggest language having a broader significance in this connection than the words 'intended to be included in the original account or statement' as here used. Looking at the prior law and to the manifest purpose in changing it, namely, to simplify yet further the proceedings in causes originating before justices, we do not doubt that the legislative intent was to relax the rigid rule which those decisions established, and to permit amendments on appeal, even where essential facts were thereby first brought into the case." The court there agreed in the main with the positions taken by Judge THOMPSON in Dowdy v. Wamble, 41 Mo. App. 573, 577. [Consult Keene v. Sappington, 115 Mo. App. 33, 90 S. W. 753.] It was defendant's duty to protect his interest in the and against the adverse judgment of the justice court. He appealed. Plaintiff had like duties with respect to the circuit court appellate proceedings. She permitted the judgment for defendant W. H. Durham to become final. The issues there tried or triable embraced the effectiveness of defendant's new promise. Defendant's instant defense precludes the relitigation of that issue.

The judgment is reversed. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.