James LATSON, Plaintiff in Error,

v.

Ernest EATON and Eula Mae Eaton,
Defendants in Error.

No. 38293.

Supreme Court of Oklahoma.

June 23, 1959.

John W. Tyree, Lawton, for plaintiff in error.

Godlove & Cummins, Lawton, for defendants in error.

WELCH, Justice.

This is an appeal from a judgment for damages caused by defendant, a layman, improperly preparing certain legal documents for plaintiffs for hire.

The defendant argues this appeal under four separate propositions: He first contends that the court should have sustained his motion to instruct the jury to return a verdict for defendant upon the opening statement of counsel for plaintiffs. Crawford v. McConnell, 173 Okl. 520, 49 P.2d 551; Edwards v. Boyle, 37 Okl. 639, 133 P. 233; Kelly v. Courter, 1 Okl. 277, 30 P. 372, and Sigmon Furniture Mfg. Co. v. Massey, 192 Okl. 436, 137 P.2d 793, are cited by defendant as authority for his contention. In these cases the court held that in actions based upon contract for illegal purposes neither party would be granted relief. The Crawford case, supra, held that the court would not grant relief at the instance of the plaintiff, who in order to prevail is compelled to rely solely upon an illegal contract.

We agree that the cases support the theory presented by defendant, however, we cannot agree that the opening statement of counsel which was, "that the evidence of the plaintiffs would establish the fact that the defendant, who had admitted he was not licensed to practice law, prepared legal instruments for the plaintiffs, and because of his inability to prepare these instruments, the plaintiffs had lost their property," does under any circumstances indicate that plaintiffs' cause of action is based upon such an

illegal contract as was considered in the several cited cases. Instead, it clearly indicates that the action is based upon tort for the wrongful acts of the defendant, therefore the above authorities are not applicable here.

Title 5, Section 12, O.S.A. provides:

"The Supreme Court of the State of Oklahoma shall have exclusive power and authority to pass upon qualifications and fitness of all applicants for admission to practice law in the State of Oklahoma, and the qualifications of such applicants shall be those which are now or may be hereafter prescribed by the statutes of Oklahoma and the rules of the Supreme Court."

Paragraph two (2) of Article 3, Chapter 1 of the Rules creating, controlling and regulating the Oklahoma Bar Association, which were adopted by the Bar Association and the State Supreme Court, January 1, 1951, 5 Okl.St.Ann. c. 1, Append. 1, provides:

"No person shall practice law in the State of Oklahoma who is not an active member of the Association, except as hereinafter provided." (exceptions are then made as to non-resident attorneys at law.)

This rule was passed in the public interest and for the advancement of the administration of justice. It is regulatory in nature, limiting or licensing the practice of law. The practice of law is regulated for the benefit of the members of that class or segment of the public which might be injured if unskilled and untrained persons were permitted to practice the work or duties of the profession. A regulatory rule or statute is enacted for the benefit of those who might be injured in the absence of such regulation. Thus we are drawn to the inevitable conclusion that the plaintiff herein comes within the class of persons intended to be protected against the unlicensed and unlawful practice of law.

As to what constitutes the practice of law, we observe the case of Conway-Bogue Realty Inv. Co. v. Denver Bar Association, 135 Colo. 398, 312 P.2d 998, 999, wherein the court there held:

"Preparation of receipts and options, deeds, promissory notes, deeds of trust, mortgages, releases of encumbrances, leases, notice terminating tenancies, and demands to pay rent or vacate, by completing standard and approved printed forms, coupled with the giving of advice or explanation as to legal effect thereof, constitutes the 'practice of law.'"

Also see State Bar of Oklahoma v. Retail Credit Association, 170 Okl. 246, 37 P.2d 954, and Paul v. Stanley, 168 Wash. 371, 12 P.2d 401.

The acts of the defendant definitely would constitute the practice of law under the above authorities. Since our code is similar to that of California, the construction given by the California court might well be applied in this case.

The liability of an unlicensed person to perform duties which have been construed as legal services, has been determined in the case of Biakanja v. Irving, Cal.App., 310 P.2d 63, 64, wherein the court held:

"Where defendant, who was a notary public and not a licensed attorney, acted as attorney and not as a scrivener when he drew will, the drawing of will was in violation of statute limiting practice of law to active members of State Bar, and this violation permitted sole beneficiary of will to recover from defendant the difference between amount beneficiary would have received had will been valid and amount actually distributed to her according to laws of intestate succession."

In view of the authorities above we are of the opinion that the trial court was not in error in overruling motion of defendant.

Since the second and third propositions argued by defendant are based upon the same theory as his first proposition, we are of the opinion that they are properly disposed of in the discussion hereinabove.

Defendant's fourth proposition is that the court erred in giving instructions num-

bered four and six. These instructions complained of are in harmony with the case of Biakanja v. Irving, supra, and we hold the trial court did not commit error in giving same.

Judgment affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and HALLEY, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.

BLACKBIRD, J., concurs in result.