AN–COR, INC., an Oklahoma corporation, Appellant,

v.

Carl REHERMAN, Appellee.

AN–COR, INC., an Oklahoma corporation, Appellant,

v.

Jerry HIGGINS, Appellee.

Nos. 73646, 76300.

Supreme Court of Oklahoma.

July 14, 1992.

Michael Gassaway, Oklahoma City, for appellant.

Andrew M. Coats, LeAnne Burnett, Crowe & Dunlevy, P.C., Oklahoma City, for appellee Reherman.

Jerry Higgins, pro se.

HARGRAVE, Justice.

Cases No. 73,646 and 76,300 are consolidated here for disposition by a single opinion. Both appeals arise from a lawsuit filed in Oklahoma County district court. Plaintiff sued for extortion, loss of corporate opportunity and fraud. The trial court sustained Defendant Reherman's motion to dismiss and summary judgment was granted to Defendant Higgins. Because we find that the plaintiff's petition establishes the illegality of the transaction sued upon, we affirm the trial court.

The statement of facts is taken from plaintiff's petition. Reherman and Higgins vigorously deny the allegations set out in plaintiff's petition. An–Cor, Inc. is an Oklahoma corporation formed for the purpose of developing and constructing a full-service marina on Arcadia Lake, in Oklahoma County, Oklahoma. The defendant Carl Reherman, was at all material times the mayor of Edmond, Oklahoma. The City of Edmond through its Public Works Authority, sought proposals for the design, construction, operation and maintenance of a full-service marina on Arcadia Lake. An–Cor constructed a scale model of the proposed marina and met with appropriate city officials, including Reherman. An–Cor alleges that in the course of those dealings, An–Cor became acquainted with Jerry Higgins, who represented himself as an individual particularly influential with the City of Edmond, particularly influential with Reherman, and able to secure the lease on the marina for An–Cor. An–Cor states that Higgins represented that he and Reherman had been involved in many other deals that required Higgins to take care of Reherman by paying Reherman in cash out of Higgins' money and that by doing this Higgins could secure Reherman's support of An–Cor's bid proposal. Reherman and Higgins deny this. Higgins suggested that the matter be handled by An–Cor's contracting with Higgins to consult with An–Cor and represent An–Cor before the city. As a result of these representations, a written contract was entered into between An–Cor and Higgins. The initial payment was to be $5,000.00 (later changed to $7,000.00), to be paid to Higgins after funding of the marina was in place and funds were disbursed.

In October 1987, the Edmond Public Works Authority voted to direct the City to enter negotiations with An–Cor regarding a proposed lease for the marina. Two months later, An–Cor alleges, Higgins met with An–Cor officials and demanded an extra $10,000.00 in cash. Higgins represented that he would "take care of Mayor Reherman" out of the $10,000.00. An–Cor refused to pay the $10,000.00 and Higgins threatened to "kill the deal" if he did not get a $2,500.00 additional payment. An–Cor agreed to advance $2,500.00 toward the initial payment for the consulting fee. An–Cor made this agreement in an effort to keep its proposal on the marina alive. Higgins later advised that he had paid approximately one-half of the $2,500.00 payment to Reherman in order for Reherman to have "spending money" on a trip to London. Reherman and Higgins deny these allegations.

During the next six months, An–Cor received various communications from the city that An–Cor's lease would be chosen, then that An–Cor's lease would not be chosen, etc. Finally, An–Cor's proposed lease was submitted and placed on the city council's agenda for August 15, 1988. An–Cor asserts that Reherman called Higgins and inquired whether An–Cor had paid the money. When Higgins responded in the negative, Reherman replied "that is all I need to know." At the August 15 city council meeting Reherman made several statements that the lease should be denied, and the city council denied the lease. The next day, an An–Cor official spoke with Higgins about the city council meeting and Higgins implied that the reason the lease was not approved was because the $10,000.00 had not been paid. Reherman and Higgins deny these allegations.

*No. 73,646*

Defendant Carl Reherman strongly denied the truth of plaintiff's allegations and moved to dismiss plaintiff's action against him for failure to state a claim upon which relief could be granted because all of plaintiff's claims for relief arose out of an alleged contract that was against public policy, had an illegal object and was therefore unenforceable. The trial court sustained the motion to dismiss and An–Cor appealed. The Court of Appeals, Division III, reversed and remanded, finding that the action was one in tort rather than one to enforce the contract, and further, that Reherman was not a party to the contract. Reherman sought certiorari to this court and certiorari was granted.

On appeal, An–Cor alleged that the trial court erred in sustaining Reherman's motion to dismiss because the contract was not void or unenforceable, nor was the contract the basis upon which the causes of action arose. An–Cor alleges that the contract was simply a consulting contract whereby Higgins was to provide services to obtain a lease for the Lake Arcadia marina. An–Cor asserts that it was only *after* the contract had been entered into that both defendants conceived a plan to extort money from An–Cor. An–Cor urges that because the causes of action in its petition are predicated upon the acts taken by the co-defendants seven months after the contract was executed, they are not contractual in nature. Plaintiff alleges in its first cause of action that defendants induced plaintiff to pay funds to them by the wrongful use of *force, fear, threats and promises.* The second cause of action asserts that defendants exercised unlawful dominion and control over An–Cor's bid proposal to the city of Edmond. Plaintiff's third cause of action, for fraud, alleges that defendants fraudulently represented their abilities to secure the lease and that defendant Higgins induced plaintiff into entering a written agreement with him based upon the representations set out in the petition. Plaintiff asserts that Defendant Higgins fraudulently induced plaintiff into entering the agreement by representing both defendants' ability to secure a lease agreement for the marina, and plaintiff relied upon these representations. Each cause of action realleges and incorporates by reference the statement of facts set out in the petition. Plaintiff's petition, paragraph 10, states that Higgins represented that he and Reherman had been involved in many other deals that required Higgins to "take care of" Reherman by paying Reherman in cash out of Higgin's money, and that by doing this, Higgins could secure Reherman's support of An–Cor's bid proposal.

An–Cor's own petition sets out that An–Cor knowingly and voluntarily entered into an agreement that contemplated paying the mayor in order to secure his support for its lease, thus establishing that the contract was unlawful. Title 21 O.S. § 381 provides:

"Whoever corruptly gives, offers, or promises to any ... municipal ... or other public officer ... any gift or gratuity whatever, with intent to influence his act, vote, opinion, decision, or judgment on any matter, question, cause, or proceeding which may then be pending, or may by law come or be brought before him in his official capacity, or as a consideration for any speech, work, or service in connection therewith, shall be punished by imprisonment in the State Penitentiary not exceeding five (5) years, or by a fine not exceeding Three Thousand Dollars ($3,000.00) and imprisonment in jail not exceeding one (1) year."

Title 15 O.S. § 211 provides that those contracts are unlawful which are: contrary to an express provision of law, contrary to the policy of express law, though not expressly prohibited, or otherwise contrary to good morals.

An–Cor would have us ignore the unlawful purpose for which the contract was originally entered into and would have us instead focus solely on Higgin's alleged later attempt to secure an additional $10,-000.00, which An–Cor refused to pay. An–Cor did, however, pay $2500.00 after Higgins threatened to "kill the deal" if he did not get the payment. An–Cor's petition further states, in paragraph 15, that Higgins advised An–Cor that he had paid ap-

proximately one-half of the payment to Reherman. It is clear that a contract in violation of law, or that aids or assists any party therein, is void and no recovery can be had thereon. *Hamilton v. Cash*, 185 Okla. 249, 91 P.2d 80 (1939).

■ An–Cor lastly asserts that the defense of illegality of the contract is not available to Reherman because he was not a party to the contract. An–Cor presumably would have us hold that its claims for extortion, loss of corporate opportunity and fraud are meritorious against Reherman, even though plaintiff's petition sets out that it entered into the contract with Higgins in order to bribe Reherman. The courts will not permit a party to recover on the basis of an unlawful contract. In *Davis v. Janeway*, 55 Okla. 725, 155 P. 241 (1916), we overruled the trial court's denial of defendant's general demurrer, finding that the court should have dismissed the petition because the contract as reflected by the allegations in the petition was void. We quoted: "No principle of law is better settled than that a party to an illegal contract cannot come into a court of law and ask to have his illegal objects carried out ..." We further stated 155 P. at p. 244, "... If from the plaintiff's own statement, or otherwise, the cause of action appears to arise ... from the transgression of a positive law of this country, then the court says he has no right to be assisted." In the case at bar, the plaintiff's petition recites the illegal nature of the contract. We vacate the opinion of the Court of Appeals and affirm the trial court's dismissal.

### No. 76,300

■ Defendant Jerry Higgins specifically denied plaintiff's allegations and filed a motion for summary judgment, which was granted by the trial judge. The trial judge found that plaintiff's claim against Defendant Higgins was based upon the same allegation of facts as the claim against Defendant Reherman, and was based upon an illegal and unenforceable agreement to bribe a public official. An–Cor's sole argument on appeal is that the trial court erred in sustaining the motion for summary judg-

ment because there was substantial controversy as to material facts. However, the material facts about which plaintiff maintains there was substantial controversy are the very facts plead in its petition, upon which its claims are based and which establish illegality of the contract, as we discussed above in No. 73,646.

■ The trial judge found as a matter of law that the plaintiff's claims were based upon an illegal and unenforceable attempt to bribe a public official. Courts will not enforce or aid in enforcement of a contract made in violation of law, nor grant relief at the instance of a plaintiff who, in order to prevail, is compelled to rely on an illegal contract. *Sigmon Furniture Mfg. Co. v. Massey*, 192 Okla. 436, 137 P.2d 793 (1943). Indeed, the question of illegality of a contract on which an action is based is a question that the court itself is bound to raise in the interest of due administration of justice. *Id.*

In *Hunt v. W.T. Rawleigh Medical Co.*, 71 Okla. 193, 176 P. 410 (1918), the illegality of the contract was established by plaintiff's counsel's opening remarks which, when considered together with the contract, established price fixing. The court there found that no proof of the facts admitted was necessary and that, even though the defense of invalidity was not raised by defendant's answer, the court would permit no recovery. It was noted therein that raising the illegality of the contract was not for the sake of the defendant, but for the sake of the law itself. We noted that whenever the illegality appears, whether from one side or the other, the disclosure is fatal to the case.

In the case at bar, the illegal nature of the contract appears on the face of plaintiff's petition. Where the pleadings present no issue of fact to be tried, a judgment thereon may be properly rendered since under such circumstances, it is a matter of law as to which party is entitled to prevail. *Little v. Employer's Casualty Co.*, 185 Okla. 481, 94 P.2d 535 (1939). We therefore find, that, based upon the allegations in plaintiff's petition which establish that the contract was unlawful, the

trial court's grant of summary judgment to Defendant Higgins was proper and should be affirmed.

IN NO. 73,646, CERTIORARI HAVING BEEN GRANTED PREVIOUSLY, THE OPINION OF THE COURT OF APPEALS IS VACATED AND THE TRIAL COURT'S ORDER OF DISMISSAL IS AFFIRMED.

IN NO. 76,300, THE JUDGMENT IS AFFIRMED.

HODGES, V.C.J., and LAVENDER, SIMMS, ALMA, WILSON, KAUGER, SUMMERS and WATT, JJ., concur.